## MINNEAPOLIS GRAIN EXCHANGE v. FARMERS UNION GRAIN TERMINAL ASS'N et al.

### Civ. No. 2584.

District Court, D. Minnesota, Fourth Division.

Dec. 31, 1947.

Pierce Butler and Theophil Rusterholz, both of St. Paul, Minn. (Doherty, Rumble, Butler & Mitchell, of St. Paul, Minn., of counsel), for defendants in support of said motion.

Leavitt R. Barker and Donald West, both of Minneapolis, Minn. (Dorsey, Colman, Barker, Scott & Barber, of Minneapolis, Minn., of counsel), for plaintiff in opposition thereto.

NORDBYE, District Judge.

Plaintiff has petitioned pursuant to 28 U. S.C.A. § 400 for a declaratory judgment. Defendants move to dismiss that petition. Plaintiff is a Minnesota corporation which operates the Minneapolis Grain Exchange, a contract market organized pursuant to the provisions of the Commodity Exchange Act, 7 U.S.C.A. § 1 et seq., for the purposes of providing a market for the purchase and sale of grain. Defendant association, a cooperative organized under Minnesota laws, is a member of the plaintiff exchange. The individual defendants are residents of Minnesota whose memberships in the plaintiff exchange are owned by the defendant association. Plaintiff alleges that, for some time past, defendants have acted both as

principal and agent in grain transactions on plaintiff exchange and contends that such practices violate plaintiff's General Rules 1300 and 1301. These rules provide:

"1300. Acting as Principal and Agent Prohibited.—No Member, or Registered Firm or Corporation, shall under any circumstances be both principal and agent in any trade in cash commodities made in this market.

"It shall be deemed and held to be a violation of this Rule for any Member, or Registered Firm or Corporation, to sell a commodity consigned to him or it for sale as a commission merchant, or as an agent for others, to any firm or corporation (regardless of its character or activities) which is owned or controlled by the consignee, or to any individual, firm, or corporation who or which owns or controls the consignee.

"1301. Acting for Both Buyer and Seller Prohibited.—No Member, or Registered Firm or Corporation, shall under any circumstances act as agent for both buyer and seller in any trade in cash commodities made in this market."

Plaintiff's General Rule 1602 provides: "In order to comply with the act of Congress known as the 'Commodity Exchange Act', and the regulations of the Secretary of Agriculture promulgated thereunder, it is hereby provided that all Rules of this Association shall be construed with reference to, and shall be subject to, and modified by the provisions of said Act and regulations."

The Commodity Exchange Act, which permits plaintiff to make rules under certain limits, provides that, if an exchange does not enforce its rules, its license can be revoked after certain proceedings are had. 7 U.S.C.A. § 8. Plaintiff complains of defendants' practices in acting both as principal and agent and declares that defendants intend to continue such practices. Plaintiff alleges that it believes the above-quoted rules are valid and applicable to cooperatives. On information and belief plaintiff alleges that defendants contend that Sections 7 and 10a of the Commodity Exchange Act, 7 U.S.C.A. § 1 et seq., make plaintiff's General Rules 1300 and 1301 inapplicable to defendants, or invalid, if applicable. Section 7, Title 7 U.S.C.A., provides in part:

"§ 7. Designation of board of trade as 'contract market'; conditions and requirements

"The Secretary of Agriculture is hereby authorized and directed to designate any board of trade as a 'contract market' when, and only when, such board of trade complies with and carries out the following conditions and requirements:

* . * * * * *

"(e) When the governing board thereof does not exclude from membership in and all privileges on such board of trade any duly authorized representative of any lawfully formed and conducted cooperative association of producers having adequate financial responsibility which is engaged in any cash commodity business, if such association has complied, and agrees to comply, with such terms and conditions as are or may be imposed lawfully on other members of such board: Provided, That no rule of a contract market shall forbid or be construed to forbid the return on a patronage basis by such cooperative association to its bona fide members of moneys collected in excess of the expense of conducting the business of such association."

Section 10a, Title 7, U.S.C.A., reads in part:

"§ 10a. Cooperative associations and corporations, exclusion from board of trade; rules of board inapplicable to payment of compensation by association

"(1) No board of trade which has been designated as a 'contract market' shall exclude from membership in, and all privileges on, such board of trade, any association or corporation engaged in cash commodity business having adequate financial responsibility which is organized under the cooperative laws of any State, or which has been recognized as a cooperative association of producers by the United States Government or by any agency thereof, if such association or corporation complies and agrees to comply with such terms and conditions as are or may be imposed lawfully upon other members of such board, and as are or may be imposed lawfully upon a cooperative association of producers engaged

in cash commodity business, unless such board of trade is authorized by the commission to exclude such association or corporation from membership and privileges after hearing held upon at least three days' notice subsequent to the filing of complaint by the board of trade: * * *."

Both parties recognize that the rules laid down for jurisdiction in Gully v. First National Bank, 1936, 299 U.S. 109, 57 S.Ct. 96, 81 L.Ed. 70, apply herein. But they disagree as to how they should be applied in this suit under the Federal Declaratory Judgments Act. The tests for federal jurisdiction are set forth in the following excerpt from the Gully case, pages 112, 113 of 299 U.S., page 97 of 57 S.Ct.: "How and when a case arises 'under the Constitution or laws of the United States' has been much considered in the books. Some tests are well established. To bring a case within the statute, a right or immunity created by the Constitution or laws of the United States must be an element, and an essential one, of the plaintiff's cause of action. Starin v. [City of] New York, 115 U.S. 248, 257, 6 S.Ct. 28, 29 L.Ed. 388; First National Bank [of Canton, Pa.] v. Williams, 252 U.S. 504, 512, 40 S.Ct. 372, 374, 64 L.Ed. 690. The right or immunity must be such that it will be supported if the Constitution or laws of the United States are given one construction or effect, and defeated if they receive another. Id.; King County, Wash., v. Seattle School District, 263 U.S. 361, 363, 364, 44 S.Ct. 127, 128, 68 L.Ed. 339. A genuine and present controversy, not merely a possible or conjectural one, must exist with reference thereto ([City of] New Orleans v. Benjamin, 153 U.S. 411, 424, 14 S.Ct. 905, 38 L.Ed. 764; Defiance Water Co. v. [City of] Defiance, 191 U.S. 184, 191, 24 S.Ct. 63, 48 L.Ed. 140; Joy v. [City of] St. Louis, 201 U.S. 332, 26 S.Ct. 478, 50 L.Ed. 776; [City and County of] Denver v. New York Trust Co., 229 U.S. 123, 133, 33 S.Ct. 657, 57 L.Ed. 1101), and the controversy must be disclosed upon the face of the complaint, unaided by the answer or by the petition for removal. ([State of] Tennessee v. Union & Planters' Bank, 152 U.S. 454, 14 S.Ct. 654, 38 L.Ed. 511; Louisville & Nashville R. Co. v. Mottley, 211 U.S. 149, 29 S.Ct. 42, 53 L.Ed.

126; The Fair v. Kohler Die & Specialty Co., 228 U.S. 22, 25, 33 S.Ct. 410, 57 L.Ed. 716; Taylor v. Anderson, 234 U.S. 74, 34 S.Ct. 724, 58 L.Ed. 1218). Indeed, the complaint itself will not avail as a basis of jurisdiction in so far as it goes beyond a statement of the plaintiff's cause of action and anticipates or replies to a probable defense. Devine v. [City of] Los Angeles, 202 U.S. 313, 334, 26 S.Ct. 652, 50 L.Ed. 1046; The Fair v. Kohler Die & Specialty Co., supra."

An analysis of plaintiff's petition leaves little doubt that it seeks to have this Court determine if plaintiff's General Rules 1300 and 1301 can validly be applied to the defendant cooperative under the Commodity Exchange Act. The question, in effect, is an inquiry concerning the extent of the rule-making rights and powers conferred upon plaintiff by the Commodity Exchange Act.

█ That plaintiff has certain rule-making rights under the Commodity Exchange Act is apparent at the outset, for it has the duty under the Act to make rules and regulations for the governing of its exchange. And the promulgation of rules and regulations applicable to the members of the contract market apparently was one of the conditions precedent to plaintiff's obtaining as well as retaining, the right to function as a Board of Trade. Plaintiff's right to make rules and regulations is recognized necessarily by Section 6a of the Commodity Exchange Act, 7 U.S.C.A. § 8, which specifically imposes upon every Board of Trade the duty to enforce "its rules of government". The imposition of such a duty necessarily implies that the correlative right to make those rules and to enforce them also is granted. And defendants nowhere contend that plaintiff does not possess those rights. The only question here involves the extent of the rule-making right under the Commodity Exchange Act in view of Sections 7 and 10a, quoted above, which defendants apparently contend prevents plaintiff from exercising its rule-making rights as it did in Rules 1300 and 1301.

The meaning of Rules 1300 and 1301 is clear. By their terms they apply to all members, including cooperatives. They do not require interpretation or construction.

But the extent of the rule-making right conferred upon plaintiff by the Commodity Exchange Act— and hence the validity of the rules here involved—cannot be defined except by resort to the federal law which created and limited them. Resort must be made to the Commodity Exchange Act to define the federal right upon which plaintiff now seeks a declaratory judgment. The action here becomes one in which a right granted by federal law is the subject for determination. Granted, therefore, that the test of federal jurisdiction is whether plaintiff relies upon its own right or immunity under a federal law, it would seem that the test of jurisdiction is fulfilled if plaintiff's complaint is given a reasonable construction. That is, plaintiff's rule-making rights under the Commodity Exchange Act (and which are alleged to be limited by certain provisions of the Commodity Exchange Act) are the rights which constitute the foundation of federal jurisdiction. And if the federal law is construed as defendants contend, Rules 1300 and 1301 are invalid, as to cooperatives, for plaintiff will have exceeded its rule-making rights to that extent at least. But if the federal law is construed as plaintiff contends, the rules are valid and no immunity is bestowed upon the defendant cooperative, and it cannot act both as principal and agent in its commodity transactions at plaintiff's market.

The mere fact that plaintiff is seeking a declaration of rights rather than an enforcement of rights does not militate against its contention that it is relying on a right under federal law as the basis of jurisdiction. Regents of New Mexico College of Agriculture and Mechanic Arts v. Albuquerque Broadcasting Co., 10 Cir.1947, 158 F.2d 900. State Automobile Ins. Ass'n v. Parry, 8 Cir., 123 F.2d 243, seems distinguishable.

■ The dilemma which faces plaintiff is a real one. On the one hand, if plaintiff fails to enforce a valid rule, it may be subjected to the penalties provided therefor in the Act. On the other hand, if it enforces an invalid rule, it likewise may incur the penalties covering such conduct. The situation, therefore, indicates not only that a controversy exists, but that it is a substantial one. It is not frivolous, nor is plaintiff merely seeking advice on a hypothetical situation, as the defendants suggest. Neither is there any basis for the contention that, by promulgating Rule 1602, plaintiff has in effect made the entire Commodity Exchange Act a part of its rules, and therefore the Court is merely asked to construe local rules rather than a federal law. The argument advanced is specious rather than sound. The provisions of Rule 1602 providing that the rules of the exchange are modified by the provisions of the Act and regulations and that the rules must be construed with reference, and subject thereto, merely state the legal effect of the Act. That result would follow without any such recital. And, moreover, such recital does not obviate the necessity of construing a federal act in order to determine whether Rules 1300 and 1301 are valid as against cooperative members.

■ But, although a federal question may exist, it does not follow that this Court should assume jurisdiction. Declaratory judgments are granted in the discretion of the Court. Alabama State Federation of Labor v. McAdory, 325 U.S. 450, 65 S.Ct. 1384, 89 L.Ed. 1725. Rights should not be declared under the Act unless the determination will be of practical help in ending the controversy. In reality, plaintiff is bringing this proceeding so that it can enforce its rules against the defendants. At least, that will be the ultimate object of this proceeding if the Court determines that the Commodity Exchange Act does not grant immunity to cooperatives in acting as principal and agent in cash commodity transactions and that plaintiff's Rules 1300 and 1301 apply to all members of the Exchange. But Congress has clearly indicated that the Commodity Exchange Commission not only must approve plaintiff's rules, but should have jurisdiction over the enforcement of its rules. As noted in Section 10a, Title 7 U.S.C.A., quoted above, the Act provides that no Board of Trade, which has been designated as a "contract market", can exclude from membership any association or corporation engaged in the cash commodity business having adequate financial respon

sibility and which is organized under the cooperative laws of any state if such association or corporation complies with the terms and conditions which may be lawfully imposed upon a cooperative association unless the Commission authorizes the Board of Trade to exclude such cooperative from membership after a hearing held upon three days' notice. Regardless, therefore, of any ruling which this Court may enter herein, the final determination of the right to membership of the defendant cooperative rests with the Commission, subject to the right of appeal to the Circuit Court of Appeals. The dilemma which apparently confronts the plaintiff with regard to the applicability of the rules in question to cooperatives must ultimately be determined by the Commission and not by this Court. Suitable machinery is provided in the Act for that very purpose. Moreover, it is highly significant that the Act refrains from granting any jurisdiction to this Court. Thus, it seems evident that Congress intended that the Commission should determine which rules of the Exchange are proper within the contemplation of the Commodity Exchange Act. This seems particularly true when it is recognized that Congress made the factual conclusions of the Commission final even on appeal if they are supported by the weight of the evidence. In the case at bar, factual matters apparently would have to be tried by this Court in order to determine whether the defendants have violated plaintiff's rules, and matters which may vitally affect the uniformity of the policy of the Commission in that regard may be involved. The intervention of this Court in assuming jurisdiction may give rise to an unfortunate conflict between the rulings of this Court on factual questions and those made by an administrative agency which is expressly clothed by Congress with jurisdiction to determine such a controversy. And as indicative of the speedy and effective relief which is available, reference may be made to the Administrative Procedure Act, 5 U.S.C.A. § 1001 et seq., where provision is made for the issuance of declaratory orders. Section 5(d) of that Act provides: "Declaratory orders. (d) The agency is authorized in its sound discretion, with like effect as in the case of other orders, to issue a declaratory order to terminate a controversy or remove uncertainty."

When full relief can be obtained in the administrative agency but cannot be obtained in this Court, and when the decision of the administrative tribunal will be final, except for the right of review, but the decision of this Court will not be final because of certain exclusive powers possessed by the administrative agency, it seems only wise and just, as well as realistic, that this Court should refer the matter to the administrative agency by declining to grant a declaratory judgment. Plaintiff's right to have a court pass on all legal questions involved will not be jeopardized. That right will exist in the Circuit Court of Appeals and then in the Supreme Court in the same manner as if this Court initially passed on the legal questions involved and if an appeal were taken.

This Court is not unmindful that, where appropriate, the mere existence of another adequate remedy does not preclude the assumption of jurisdiction in a declaratory judgment action. But that rule contemplates that the Court will exercise its sound discretion in determining whether the showing justifies the intervention of the Court under the circumstances. It is this Court's considered opinion that the Commission should first be permitted to have the opportunity to exercise its rights and powers in a matter where it is highly desirable that there should be uniformity of rulings and policy and where the decision of that tribunal will be final except for the right of review.

The Court finds, therefore, that, on the complaint, a controversy exists cognizable under the Federal Declaratory Judgments Act and that this Court has jurisdiction of such controversy, but concludes that the administrative agency and not this Court should determine such controversy. Therefore, defendants' motion to dismiss is granted. It is so ordered.

An exception is accorded to the plaintiff.