**Richard TOTH, Plaintiff,**

v.

**Samuel H. SILBERT et al., Defendants.**

**Civ. A. No. 36089.**

United States District Court
N. D. Ohio, E. D.

May 16, 1960.

On Plaintiff's Motions to Supplement Findings and to Amend Judgment
June 24, 1960.

---

David Ralph Hertz, Hertz & Kates, Cleveland, Ohio, for plaintiff.

John T. Corrigan, Pros. Atty. of Cuyahoga County by Thomas L. Osborne, 2d., First Asst. County Prosecutor, Bernard J. Stuplinski, Ass't County Prosecutor, Cleveland, Ohio, for defendants.

Before WEICK, Circuit Judge, and JONES and KALBFLEISCH, District Judges.

KALBFLEISCH, District Judge.

This complaint, filed on April 27, 1960, asks the Court to enjoin the prosecution of the plaintiff herein in a criminal case known as State of Ohio v. Richard Toth, Case No. 71586, now pending in the Court of Common Pleas of Cuyahoga County, on the ground that the plaintiff has been and is being denied due process of law and equal protection of the laws, in violation of his rights under the Constitution of the United States. More specifically, the plaintiff alleges that the State statute under which he is being prosecuted, and its effect on the preparation of his defense, are in violation of the First Amendment of the Constitution as it is made applicable to the States by the Fourteenth Amendment. The plaintiff alleges that he has no adequate remedy in the State courts for protection from the alleged violation and threatened violation of his constitutional rights.

The defendants named herein are the Chief Justice of the Court of Common Pleas of Cuyahoga County, the Governor and the Attorney General of the State of Ohio, the County Prosecutor and his Assistant, and the Foreman of the County Grand Jury.

A three-judge District Court was designated under 28 U.S.C.A. § 2284, as required by 28 U.S.C.A. § 2281, in actions against officers of a State to enjoin enforcement, operation or execution of any State statute.

This cause was heard on May 10, 1960, at which time stipulations and exhibits, consisting of the pleadings and docket sheets of the criminal proceeding, were received in evidence. On the basis of such evidence the Court finds the facts herein to be as follows:

Petitioner was indicted by the Cuyahoga County Grand Jury on July 10, 1959, under Section 2905.34 of the Ohio Revised Code, on two counts of possessing, and two counts of exhibiting, seven named magazines and five named books alleged to be obscene. This statute makes it a felony to possess or exhibit,

regardless of purpose or intent, materials known to be obscene.

The materials in question are alleged in the indictment to be "so indecent and immoral in its nature that the same would be offensive to the court and improper to be placed upon the records thereof," such omission being permitted under the law of Ohio. State of Ohio v. Zurhorst, 75 Ohio St. 232, 79 N.E. 238, 239.

The indictment does not specify any particular portions of the named magazines and books as being obscene.

The plaintiff herein filed a motion to quash the first and second counts of the indictment, which motion was overruled by the Court of Common Pleas.

The plaintiff herein filed a motion in the State Court to require the alleged obscene magazines and books to be annexed to the indictment, which motion was overruled by the Court.

The plaintiff herein filed a "demand under the Constitution of Ohio" that he be advised of the specific items in the publications which the Grand Jury, as distinguished from the Prosecutor, considered to be obscene, which motion was denied by the Court.

The plaintiff herein filed a request for a bill of particulars in the State Court proceeding, which motion was overruled. A second motion for a bill of particulars filed by the plaintiff, and relating to counts 1 and 2 of the indictment, was granted and the State has furnished plaintiff with the information requested.

The criminal proceeding was scheduled to go to trial on May 9, 1960, in the Court of Common Pleas of Cuyahoga County, but that Court, upon being advised of this proceeding, postponed the trial until further order.

On March 23, 1960, in the case of State v. Mapp, 170 Ohio St. 427, 166 N.E.2d 387 four of the seven Justices of the Ohio Supreme Court expressed the opinion that the portion of Section 2905.34 of the Revised Code, insofar as it relates to the possession only of material known to be obscene, was constitutionally invalid.

However, since the Court of Appeals had not found the statute to be unconstitutional, the Supreme Court could not, under the provisions of Article IV, Section 2, of the Ohio Constitution, hold it unconstitutional and void without the concurrence of all but one of its Judges. Counsel for Mapp appeared in this proceeding, at the request of plaintiff, and stated that he was in the process of preparing an application for a writ of certiorari to the United States Supreme Court in that case. The parties hereto specified that none of their stipulations were to be construed as admissions that the facts in the Mapp case were the same as those in the Toth case or that the holding in the Mapp case is or would be conclusive in the Toth case.

Since the return of the indictment, neither plaintiff nor his counsel has been shown, nor has either requested an opportunity to examine, the publications in question, which are now in the custody of the Prosecutor, counsel being of the opinion that such examination by him, the plaintiff or his witnesses, in preparation for trial, might expose them to criminal prosecution for possession and/or exhibition of obscene materials under Section 2905.34 of the Revised Code.

Counsel for the plaintiff conceded that the State Court proceedings were instituted and have been conducted in good faith.

The five books which are the subjects of the third and fourth counts of the Toth indictment were presented to the Grand Jury for the first time after 3:00 P.M., on July 9, 1959. The Grand Jury recessed for that day at 5:40 P.M. The indictment shows on its face that it was returned on July 10, 1959.

The plaintiff sought to introduce the Grand Jury minutes and to elicit testimony from the Grand Jury Foreman as to the time and nature of the Grand Jury's consideration of the material which is the subject of the indictment and as to what portions of the accused publications the Grand Jury considered to be obscene. This Court refused to

permit such evidence to be offered, it being of the opinion that it would be neither necessary nor proper in this case to permit any inquiry into the propriety or nature of proceedings before a County Grand Jury which led to the return of a now pending indictment.

A grand jury is an arm of the court to which it is attached, subject, within limits, to its direction and answerable to it for its conduct. State as well as federal grand jury proceedings are traditionally and necessarily clothed with secrecy. 26 O.Jur.2d, 289. The responsibility for any relaxing of the rule of secrecy and of supervision of an inquiry "should reside in the court, of which the grand jury is a part and under the general instructions of which it conducted its 'judicial inquiry.'" Schmidt v. United States, 6 Cir., 1940, 115 F.2d 394, 397. The State courts refuse to question the sufficiency of the evidence considered by a grand jury in proceedings leading to an indictment where it is valid on its face. State v. Rhoads, 81 Ohio St. 397, 91 N.E. 186, 27 L.R.A.,N.S., 558, Turk v. State, 7 O., Part II, page 240. In State v. Selby, Ohio Com.Pl., Franklin County 1955, 126 N.E.2d 606, at page 607, the Court stated:

> "Where an indictment of the Grand Jury is regular upon its face, there is a conclusive presumption that there was sufficient evidence to warrant the indictment; therefore, no evidence will be received, for the purpose of vitiating such indictment, either from the Grand Jurors, or the witnesses before them, or from any other person required by law to be present, as to the evidence given on such inquiry of the Grand Jury; and, consequently even the Court itself cannot inquire whether there was sufficient evidence before the Grand Jury to warrant its return of the indictments in question."

The Court has carefully considered the plaintiff's brief of May 11, 1960, supporting his exceptions to the exclusion of the Grand Jury evidence, but adheres to its position. The cases cited by the plaintiff involve instances wherein the State Court proceedings complained of had been concluded and none support the proposition that a Federal Court should intervene, as requested here, in a pending State Court proceeding.

This Court has jurisdiction herein under 28 U.S.C.A. § 1343, on the basis of plaintiff's allegation that he is being deprived of a right, privilege or immunity secured by the Constitution of the United States under color of a State statute. Douglas v. City of Jeannette, 319 U.S. 157, 63 S.Ct. 877, 87 L.Ed. 1324; Stefanelli v. Minard, 342 U.S. 117, 72 S.Ct. 118, 96 L.Ed. 138.

The question to be decided by this Court, therefore, is whether the facts herein warrant the exercise of its equity jurisdiction as urged by the plaintiff. This question depends upon whether the plaintiff has shown that, unless this Court acts, he is in danger of irreparable injury which is "clear and imminent," "great and immediate." Douglas v. City of Jeannette, 319 U.S. 157, 163, 164, 63 S.Ct. 877, 881, 87 L.Ed. 1324. Construing the evidence in the light most favorable to the plaintiff, we do not believe that he has made such a showing, nor could he have done so even had he been permitted to present all of the evidence which he claimed he was entitled to offer.

Plaintiff's case rests on the alleged unconstitutionality of Section 2905.34 of the Ohio Revised Code. He urges that the constitutionality of Section 2905.34 of the Revised Code must be determined by this Court prior to his being put to trial in the State court, since neither he nor his counsel nor his expert witnesses dare to look at the publications in question in preparation for trial without risking prosecution for violation of the statute. But plaintiff did not allege, or even suggest, that the Prosecutor in any way had indicated that, after permitting plaintiff, and proper persons designated by him to examine the documents in preparation for trial, the State would

proceed to prosecute them. The same immunity from prosecution which protects the police officers, prosecutors, courts and their staffs, who by necessity have at times possessed and exhibited obscene materials in the course of their duties, would certainly apply as well to a defendant, his counsel and witnesses in preparing his case. Nor did plaintiff show that the Prosecutor has refused, or indicated that he would refuse, to permit plaintiff, his counsel and witnesses to examine the publications in preparation for trial under reasonable and workable conditions. Counsel is not warranted in assuming, and certainly this Court would not presume, that the Prosecutor would misuse his powers or refuse to accord plaintiff the opportunity to prepare for trial.

In Defiance Water Co. v. City of Defiance, 191 U.S. 184, 24 S.Ct. 63, 48 L.Ed. 140, the Supreme Court held that resort could not be had to the Federal courts to prevent the possible issuance by a State court of an alleged unconstitutional injunction. The Court stated, 191 U.S. at pages 193 and 194, 24 S.Ct. at page 67:

"Litigation in the state courts cannot be dragged into the Federal courts at such a stage and in such a way. The proposition is wholly untenable that, before the state courts in which a case is properly pending can proceed to adjudication in the regular and orderly administration of justice, the courts of the United States can be called on to interpose on the ground that the state courts might so decide as to render their final action unconstitutional.

"Moreover the state courts are perfectly competent to decide Federal questions arising before them, and it is their duty to do so. * * *

"And, we repeat, the presumption is in all cases that the state courts will do what the Constitution and laws of the United States require."

In Columbus Railway Power & Light Co. v. City of Columbus, D.C.1918, 253 F. 499, Judge Westenhaver held this Court to be without jurisdiction to entertain a petition for injunctive relief against threatened impairment of constitutional rights by State officials, "if the only means threatened to be used are resort to the courts or to legal proceedings." At page 509.

The fact that under the Ohio Constitution a simple majority of the State Supreme Court cannot hold a statute to be unconstitutional and void, without the concurrence of the Court of Appeals, is a lawful limitation on the power of the State Judiciary and is not in violation of the Fourteenth Amendment. The United States Supreme Court specifically so held in State of Ohio ex rel. Bryant v. Akron Metropolitan Park District, 281 U.S. 74, 79, 50 S.Ct. 228, 230, 74 L.Ed. 710, et seq.

Neither this Court nor the plaintiff should assume or anticipate erroneous action by the Common Pleas Court, the Court of Appeals, or the Ohio Supreme Court in the pending criminal proceeding against this plaintiff.

In Douglas v. City of Jeannette, 319 U.S. 157, 63 S.Ct. 877, 87 L.Ed. 1324, a number of persons sought to enjoin threatened criminal prosecution under an alleged unconstitutional statute, although the State had not yet commenced such proceedings. The Court denied the requested relief, stating, 319 U.S. at pages 163 and 164, 63 S.Ct. at page 881.

"Hence, courts of equity in the exercise of their discretionary powers should conform to this policy by refusing to interfere with or embarrass threatened proceedings in state courts save in those exceptional cases which call for the interposition of a court of equity to prevent irreparable injury which is clear and imminent; and equitable remedies infringing this independence of the states—though they might otherwise be given—should be withheld if sought on slight or inconsequential grounds. * * *

"It is a familiar rule that courts of equity do not ordinarily restrain criminal prosecutions. No person is immune from prosecution in good faith for his alleged criminal acts. Its imminence, even though alleged to be in violation of constitutional guaranties, is not a ground for equity relief since the lawfulness or constitutionality of the statute or ordinance on which the prosecution is based may be determined as readily in the criminal case as in a suit for an injunction. Davis & Farnum Mfg. Co. v. [City of] Los Angeles, 189 U.S. 207 [23 S.Ct. 498, 47 L. Ed. 778]; Fenner v. Boykin, 271 U.S. 240 [46 S.Ct. 492, 70 L.Ed. 927]. Where the threatened prosecution is by state officers for alleged violations of a state law, the state courts are the final arbiters of its meaning and application, subject only to review by this Court on federal grounds appropriately asserted. Hence the arrest by the federal courts of the processes of the criminal law within the states, and the determination of questions of criminal liability under state law by a federal court of equity, are to be supported only on a showing of danger of irreparable injury 'both great and immediate.' Spielman Motor [Sales] Co. v. Dodge, 295 U.S. 89, 95 [55 S. Ct. 678, 680, 79 L.Ed. 1322], and cases cited; Beal v. Missouri Pac. R. R. Corp., 312 U.S. 45, 49 [61 S.Ct. 418, 420, 85 L.Ed. 577]; and cases cited; Watson v. Buck, 313 U.S. 387 [61 S.Ct. 962, 85 L.Ed. 1416]; Williams v. Miller, 317 U.S. 599 [63 S.Ct. 258, 87 L.Ed. 489]."

" * * * It does not appear from the record that petitioners have been threatened with any injury other than that incidental to every criminal proceeding brought lawfully and in good faith, or that a federal court of equity by withdrawing the determination of guilt from the state courts could rightly afford petitioners any protection which they could not secure by prompt trial and appeal pursued to this Court. In these respects the case differs from Hague v. C. I. O., supra, 307 U.S. [496] at pages 501, 502, 59 S.Ct. [954] at pages 957, 958, 83 L.Ed. 1423, where local officials forcibly broke up meetings of the complainants and in many instances forcibly deported them from the state without trial."

Stefanelli v. Minard, 342 U.S. 117, 72 S.Ct. 118, 96 L.Ed. 138, involved a petition for equitable relief to prevent State authorities from using evidence obtained in an unlawful search in a pending criminal prosecution. In affirming the dismissal of the action by the District Court and the Court of Appeals, the Supreme Court noted that "the active intrusion of the federal courts in the administration of the criminal law for the prosecution of crimes solely within the power of the States" is "perhaps the most sensitive source of friction between States and Nation." 342 U.S. at page 120, 72 S.Ct. at page 120. The Court concluded that while courts of equity had the power to grant the relief sought, the balance was against the wisdom of using such power. The Court went on to say:

"We hold that the federal courts should refuse to intervene in State criminal proceedings to suppress the use of evidence even when claimed to have been secured by unlawful search and seizure. The maxim that equity will not enjoin a criminal prosecution summarizes centuries of weighty experience in Anglo-American law." 342 U.S. at page 120, 72 S.Ct. at page 120.

"If these considerations limit federal courts in restraining State prosecutions merely threatened, how much more cogent are they to prevent federal interference with proceedings once begun. If the federal equity power must refrain from staying State prosecutions outright to try the central question of the validity of the statute on which the prosecution is based, how much more reluctant must it be to inter-

# 170

vene piecemeal to try collateral issues." 342 U.S. at pages 122, 123, 72 S.Ct. at page 121.

■ By statute (28 U.S.C.A. § 2254), the remedy of habeas corpus in the District Court is not available to attack a state court conviction until the petitioner has exhausted his state remedies. This statute codified the common law. Ex Parte Hawk, 321 U.S. 114, 64 S.Ct. 448, 88 L.Ed. 572. The rule of exhaustion of remedies even requires that an application for a writ of certiorari be made to the Supreme Court of the United States before resorting to procedures in the District Court. Darr v. Burford, 339 U.S. 200, 70 S.Ct. 587, 94 L.Ed. 761; Brown v. Allen, 344 U.S. 443, 73 S.Ct. 397, 97 L.Ed. 469.

■ If habeas corpus is unavailable in post-conviction proceedings until state remedies, including appeal to the Supreme Court, have been exhausted, it would seem clear that the District Court ought not to interfere by injunctive procedures with pending criminal cases in the state court, particularly where the very questions argued here may be presented. We cannot presume that the state court and the Supreme Court will not accord to the plaintiff his constitutional rights.

It is this Court's conclusion that the Mapp case, supra, is distinguishable from the instant case in that the defendant in the Mapp case was indicted and convicted on a charge of "unlawfully and knowingly" having "had in her possession and under her control, certain lewd and lascivious books, pictures and photographs," while, in the instant case, the plaintiff, in addition to being similarly accused, is also charged with having "unlawfully and knowingly exhibited certain magazines and books * * *."

■ We hold, under the evidence in this case, that no irreparable injury, great and immediate or clear and imminent, is threatened here as would warrant any interference or stay by this Court in the proceedings against the

plaintiff in the Cuyahoga County Common Pleas Court. Plaintiff's allegations that his constitutional and civil rights are being denied may, if properly preserved, be the subject of review and correction in the trial and appellate courts of Ohio and, if need be, in the Supreme Court of the United States. Accordingly, the plaintiff is not entitled to the injunctive relief prayed for, or to a favorable declaratory judgment under 28 U.S.C.A. § 2201. Judgment will, therefore, be entered for the defendants and the complaint dismissed.

This Memorandum constitutes Findings of Fact and Conclusions of Law pursuant to Rule 52(a), F.R.Civ.P. 28 U.S.C.A.

An order may be prepared in accordance with the foregoing.

WEICK, Circuit Judge, and JONES, District Judge, concur.

PER CURIAM.

Plaintiff moves this Court:

"1. To supplement its findings filed May 16, 1960, and to add thereto the facts and legal principles upon which plaintiff is denied a declaratory judgment.

"2. Thereafter to amend its judgment entered May 17, 1960 accordingly."

Plaintiff states that the Court considered only whether the plaintiff had an adequate remedy at law in the state courts, and did not give any "facts or reasons to show that the declaratory judgment which is sought should not be granted." (Brief, page 2.)

The brief in support of plaintiff's motion begins in the following manner:

"This action is primarily for a judgment which will declare that certain Ohio obscenity statutes are invalid under the First and Fourteenth Amendments to the Constitution of the United States. Only incidentally has an injunction been sought."

We are at a loss to harmonize this statement with the position taken by

plaintiff during trial where, during final argument, his counsel stated that the prayer in the complaint was too broad and that the only relief being requested was the enjoining of further proceedings in the state court prosecution of the plaintiff until the United States Supreme Court had had the opportunity to determine the constitutionality of the part of but since the Court of Appeals had not the Ohio statute involved in State v. Mapp, 170 Ohio St. 427, 166 N.E.2d 387. (See transcript of excerpts from closing argument of counsel for plaintiff.)

In concluding that an injunction should not issue and that the plaintiff was not entitled to a favorable declaratory judgment, this Court did not consider it necessary to go beyond its findings that the plaintiff is not threatened with irreparable injury, great and immediate, clear and imminent, and that it would be inappropriate to interfere with the pending state court proceedings wherein all of plaintiff's allegations as to denial of his constitutional rights "may, if properly preserved, be the subject of review and correction in the trial and appellate courts of Ohio and, if need be, in the Supreme Court of the United States."

As the Supreme Court observed in Brillhart v. Excess Insurance Co., 1941, 316 U.S. 491, at page 495, 62 S.Ct. 1173, at page 1174, 86 L.Ed. 1620:

"Ordinarily it would be uneconomical as well as vexatious for a federal court to proceed in a declaratory judgment suit where another suit is pending in a state court presenting the same issues, not governed by federal law, between the same parties. Gratuitous interference with the orderly and comprehensive disposition of a state court litigation should be avoided."

The Court being of the opinion that its memorandum of May 16, 1960, adequately set forth findings of fact and conclusions of law in support of its judgment, each of plaintiff's motions will be overruled.