## CHICAGO & ALTON RAILROAD COMPANY v. WIGGINS FERRY COMPANY.

IN ERROR TO THE CIRCUIT COURT OF THE UNITED STATES FOR THE EASTERN DISTRICT OF MISSOURI.

Decided January 29th, 1883.

*Constitutional Law—Removal of Causes—Practice.*

1. When the courts of one State give to the statutes of another State a different construction from that given by the courts of the State in which the laws were enacted, no case arises under the removal act for the transfer of the cause to the federal courts. The remedy, if any, is by writ of error after final judgment.

2. A judgment of a State court set up as an estoppel cannot be corrected in a collateral proceeding in a court of the United States. Until reversed or brought for review in the manner provided by law, it is entitled to the same effect in the courts of the United States as in the courts of the State.

Appeal from an order remanding the cause to the State court.

This is a suit begun in a State court of Missouri by the Wiggins Ferry Company, an Illinois corporation, against the Chicago & Alton Railroad Company, another Illinois corporation, to recover damages for the breach of a contract by which, as is alleged, the railroad company bound itself not to employ any other means than the ferry company's ferry for the transportation of passengers and freight, coming and going on its railroad, across the Mississippi at St. Louis. The railroad company defends on the ground, among others, that if the agreement actually entered into by the parties contains by construction any such provision as is claimed, it is in violation of the laws of Illinois, and in excess of the corporate powers of the company as an Illinois corporation. To avoid the effect of this defence the ferry company sets up, by way of estoppel, a judgment in another suit in a State court of Missouri, between the same parties, where precisely the same question was raised on the same contract, and in which it was decided that the railroad company did have the corporate authority under the laws of Illinois to make the contract. As soon as the pleadings

in the case developed this issue, the railroad company petitioned for the removal of the suit to the Circuit Court of the United States for the Eastern District of Missouri, the proper district, on the ground that "full faith and credit has not been given to the public acts of the State of Illinois by the Supreme Court of the State of Missouri in the adjudication aforesaid, and that by reason of the facts herein set forth, and of such adjudication, and the pleading thereof as an estoppel, in the manner set forth in the plaintiff's amended petition, this suit is one arising under the Constitution and laws of the United States." The facts set forth in the petition were the charter and laws of Illinois, which governed the powers of the railroad company as an Illinois corporation.

The State court, on the filing of the petition for removal, accompanied by the necessary bond, stopped proceedings, but the circuit court, when the record was entered there, remanded the cause. From an order to that effect this writ of error has been taken, and is now for hearing on the merits under the operation of Rule 32, adopted at the last term, with a view to facilitating the final determination of questions of removal under the act of March 3d, 1875, c. 137, 18 Stat. 470.

*Mr. C. H. Krum* for the plaintiff in error. 1. This motion is not within the rules. To grant the motion would decide the whole legal merits of the case, which the court has said it will not do on such a motion. *Hecker* v. *Fowler*, 1 Black, 95. 2. The record presents a case which arises under the Constitution of the United States. This court has held that "a case in law or equity consists of the right of one party as well as of the other, and may properly be said to arise under the Constitution or a law of the United States whenever its correct decision depends on the construction of either. . . That it is not sufficient to exclude the judicial power of the United States from a particular case, that it involves questions which do not at all depend on the Constitution or laws of the United States; but where a question, to which the judicial power of the Union is extended by the Constitution, forms an

ingredient of the original cause, it is within the power of Congress to give the circuit courts jurisdiction of that cause, although other questions of fact or of law may be involved in it." *Railroad Company* v. *Mississippi*, 102 U. S. 135, 141. The plaintiff in error having undertaken to limit itself to one mode of crossing the river at St. Louis, whatever might be the requirements of railroad transportation and whatever the instructions or the interests of shippers and passengers, brought itself at once within the prohibition of the policy of the State, as expressed not only in the statute, but in the declarations of its court of last resort. *Chicago, &c., Railroad Company* v. *People*, 56 Ill. at 378, 379; *Peoria & Rock Island Railroad Company* v. *Coal Company*, 68 id. 489; *Thomas* v. *Railroad Company*, 101 U. S. 71. Such being the laws and policy of the State of Illinois, the plaintiff in error invokes the protection of the Constitution, which requires "full faith and credit" to be given in each State to the public acts of every other State. It maintains that the same effect must be given to its charter and the laws of Illinois in Missouri as is given to them in the State of Illinois. The protection of the Constitution cannot be had, because of the estoppel pleaded by the plaintiff in error. From the time this estoppel was pleaded a federal question necessarily became involved.

*Mr. C. Beckwith* for plaintiff in error. The more important question relates to the right of removal, claimed under the act of March 3d, 1875. In *Railroad Company* v. *Mississippi*, it was held that a suit might arise under the Constitution when the defendant invoked the aid of any of its provisions as a defence. That was done below by the plaintiff in error as defendant. The plaintiff in error was incorporated by the State of Illinois. The interpretation of the acts of incorporation by the court of Illinois is as much a part of them as if incorporated in the acts themselves. The plaintiff in error insists upon its right to have full faith and credit given in the State of Missouri, to these public acts of the State of Illinois, as interpreted by its courts. It is for a federal tribunal to determine what such public acts are, and the interpretation thereof. *Jefferson*

*Branch Bank* v. *Skelly*, 1 Black, 436. Counsel for defendant admit the power of the federal courts to correct errors in this respect. The power of the federal government in this respect is coextensive with the provisions of the Constitution. In *Railroad Company* v. *Mississippi*, 102 U. S. 135, the removal of the cause from the State court was sustained on the ground that if the decision should be in favor of the State on the first ground of defence, the court would be obliged to meet and determine the operation of an act of Congress. The case is in some respects like the case under consideration. It appears from the records that the plaintiff in error insisted that the construction given to the contract sued on by the defendant in error was an erroneous one, and that, under its true legal construction, the same had not been violated. It further appears that the plaintiff in error also insisted that if it should be held that the construction sought to be placed upon the contract by the defendant in error was its proper and legal one, that such a contract was not authorized by the public acts of the State of Illinois, as interpreted by its courts, and was forbidden by such acts, so interpreted. These allegations would have been sufficient to have brought the cases under consideration within the established rule. *Railroad Company* v. *Mississippi*, 102 U. S. 135. It being conceded that the language of the Constitution of the United States authorizing the passage of a statute for the removal of a cause from a State court to a federal court at any stage of its progress, whenever any question is raised requiring the judgment of the judicial power of the Union as to the true meaning of such Constitution, or as to its proper enforcement, although other questions of fact or of law may be involved, it necessarily follows that such other questions of fact or of law are of a secondary nature. By these well established rules, it became the duty of the Circuit Court of the United States for the Eastern District of Missouri to ascertain and judicially determine what the public acts of the State of Illinois were, so far as they related to the contract sued upon, and to declare the operation and effect of such laws upon the contract. And it further became the duty of such court to give force and effect to its determination

as to the true meaning of such public acts, as interpreted by the courts of the State of Illinois.

*Mr. S. T. Glover* and *Mr. J. R. Shepley* for the defendants in error.

MR. CHIEF JUSTICE WAITE delivered the opinion of the court. After stating the facts in the language cited above, he continued:

In our opinion this is not a suit arising under the Constitution or laws of the United States, within the meaning of that term as used in the removal act. If the courts of Missouri gave a wrong construction to the laws of Illinois in the judgment set up as an estoppel, that error cannot be corrected by means of a transfer of this suit from the State court to the Circuit Court of the United States. So long as the judgment stands, it cannot be impeached collaterally in the courts of the United States any more than in those of the State, by showing that if due effect had been given to the laws it would have been the other way. If it has the effect of an estoppel, as is claimed, it will continue to have that effect until reversed or set aside in some appropriate form of proceeding instituted directly for that purpose. The courts of the United States must give it the same effect as a judgment that it has in the courts of the State. Whether as a judgment it operates as an estoppel does not depend on the Constitution or laws of the United States. The correct decision of this question of estoppel, therefore, does not depend on the construction of the Constitution or laws of the United States, but on the effect of a judgment under the laws of Missouri. The public acts of Illinois are in no way involved. If full faith and credit were not given to them by the Missouri court, in the judgment which has been rendered, that may entitle the railroad company to a review of the judgment here on a writ of error, but in no other way can this or any other court of the United States invalidate that judgment on account of such mistakes, if any were in fact made.

Another ground taken in support of the jurisdiction of the

circuit court upon the removal is, if we understand the argument of the counsel for the plaintiff in error, that the laws of Illinois, rightly construed, prohibit such a contract as it is alleged has been made, and as the Missouri court decided the other way when the former judgment was rendered, a transfer may be made so as to avoid a like error in this suit. The question thus presented is not what faith and credit must be given the public acts of Illinois in Missouri, but what the public acts of Illinois, when rightly interpreted, mean. That does not depend on the Constitution or laws of the United States, but on the Constitution and laws of the State alone.

It is not even alleged in the petition for removal, or claimed in argument, that the courts of Illinois have as yet actually given the statutes in question any such construction as it is contended they should have. The most that can be insisted upon from all the allegations is, that on account of what has been done in other cases, the railroad company expects, when an opportunity occurs, the courts of Illinois will decide that the laws of that State gave the company no power to bind itself in the way the Missouri court has determined it did. So that the position of the railroad company on this application seems to be, that, while the questions arising on the effect of the public acts are apparently open in the courts of Illinois, and nothing has been done which, even on the principles of comity, can bind the courts of Missouri, a suit pending in a Missouri court may be removed to a court of the United States, because the Missouri court, on a former occasion, construed a public law of Illinois, which is involved, differently from what it should have done. To allow a removal upon such grounds would be to say that a suit arises under the Constitution and laws of the United States whenever the public acts of one State are to be construed in an action pending in a court of another State. Clearly this is not so. Even if it be true, as is contended by the counsel for the plaintiff in error, that a suit can be removed as soon as a federal question becomes involved, it is sufficient to say that in this case such a question has not arisen. Until the Missouri court fails, in this suit, to give full faith and credit to the public acts of Illinois, no case has arisen to which the jurisdic-

tion of the courts of the United States can attach, and then only for the correction of the errors that have been committed. It is not enough that in other cases decisions have been made which, if followed in this, will be erroneous. Until the error has actually been committed in this case, a federal question has not become involved. The presumption in all cases is that the courts of the States will do what the Constitution and laws of the United States require, and removals cannot be effected to the courts of the United States because of fear that they will not.

<em>The order remanding the cause is affirmed.</em>