SEIDENBACH'S v. CROWN DRUG CO.

No. 30186. May 19, 1942.

Rehearing Denied July 7, 1942.

*127 P. 2d 800.*

Samuel A. Boorstin, of Tulsa, and John Barry, of Oklahoma City, for plaintiff in error.

Crouch, Rhodes & Crowe, of Tulsa, for defendant in error.

PER CURIAM. This proceeding grew out of an action commenced in the trial court by Crown Drug Company, hereinafter called plaintiff, to recover on a rental contract between it and Seidenbach's, a corporation, hereinafter referred to as defendant. The matter was determined by this court in Seidenbach's v. Crown Drug Co., 187 Okla. 203, 102 P. 2d 186, and further recitation of the facts will not be necessary. The mandate having issued, the cause was called for a judgment to be entered thereon, and on the 29th day of June, 1940, the court entered judgment for the amount found to be due as rentals at the time of the filing of the original suit, which was the specific direction of this court.

Defendant has appealed and raises two issues. It urges that the court erred in including the rent for August, 1938, and in this respect we find no error. The cause was filed August 17, 1938. The original contract provided for rent in advance, and we think its extension thereof likewise provided for rent in advance; otherwise under defendant's theory of the case there was no specified rental at all. The holding of this court was that the acceleration clause in the original contract was not carried forward in the renewal contract. As a matter of fact, defendant conceded at the trial that the rents were due for April, May, June, July, and August, and sought only to prove the two payments which it alleged had been made. There was no issue at the time of the rendering of the judgment on the mandate that the rents for August were not due.

It is also stated, but not argued, that the court erred in rendering judgment for interest. This court cannot assume error and it will not do so. The rule is well established that a statement of error not supported by argument and authority in support thereof will not be sufficient to cause this court to assume that error has been committed where the error is not apparent. Judgment having been entered on the mandate in substantial compliance with the opinion and order of this court, the same is in all respects affirmed.

CORN, V. C. J., and RILEY, OSBORN, BAYLESS, GIBSON, HURST, and DAVISON, JJ., concur. WELCH, C. J., and ARNOLD, J., absent.