J. H. MATLOCK and Jeff McHenry, for themselves and all other taxpayers in Wagoner County, Oklahoma, similarly situated as themselves, Plaintiffs in Error,

v.

BOARD OF COUNTY COMMISSIONERS OF WAGONER COUNTY, Oklahoma, et al., Defendants in Error.

No. 36608.

Supreme Court of Oklahoma.

Feb. 15, 1955.

Rehearing Denied March 22, 1955.

Cecil E. Robertson, Muskogee, for plaintiffs in error.

Thomas J. McGoldrick, County Atty., Wagoner, Mac Q. Williamson, Atty. Gen. of Okl.; J. H. Johnson, and Richard M. Huff, Asst. Attys. Gen., George J. Fagin, Oklahoma City, for defendants in error.

JACKSON, Justice.

This is an action involving the legality of proceedings for voting bonds for improvement of separate schools. It was brought by plaintiffs, J. H. Matlock and Jeff McHenry, for themselves and all other taxpayers in Wagoner County, Oklahoma, similarly situated as themselves, to enjoin the Board of County Commissioners of Wagoner County, and others, from delivering to the purchasers thereof the bonds of a certain bond issue, voted for separate schools, and from entering into and letting contracts for construction and repairs of separate school buildings as suggested in the bond Election Proclamation, and from otherwise incurring any obligations to be paid out of the money to be derived from the sale of said bonds.

The trial court sustained defendants' demurrer to the plaintiffs' petition and up-

on plaintiffs' election to stand their petition as filed, the court entered judgment for defendants. From this order and judgment, plaintiffs bring this appeal.

Parties will be referred to as they appeared in the trial court.

In their original petition as supplemented, plaintiffs alleged in substance:

That the Board of County Commissioners on January 18, 1954, authorized by Resolution the calling of an election for the purpose of voting on the question of issuing negotiable bonds of said county in the sum of $431,000, for the purpose of purchasing school sites, erecting school buildings, and making repairs, all for the permanent improvement of the county's separate schools; that pursuant thereto the election was held on February 9, 1954, and the bond issue carried by vote of the county's electors; that the school districts in which the plaintiffs reside were not included in the allocation of the proceeds of the sale of bonds as designated by the County Commissioners in the Election Proclamation; and that all of the school districts that were included were for separate or Negro schools.

The plaintiffs further alleged that in these election proceedings the County Commissioners acted under color of 70 O.S.1951 §§ 15-7 to 15-13, which govern the proceedings for voting bond issues for the benefit of separate schools, and that the provisions of that statute are unconstitutional for the reasons hereinafter set forth.

It is admitted on this appeal that the Board of County Commissioners acted under the authority of 70 O.S.1951 §§ 15-7 to 15-13, and that its proceedings thereunder were regular. It would therefore follow that if such provisions are unconstitutional, plaintiffs' petition stated a cause of action and a demurrer thereto should have been overruled. On the other hand, if the provisions of said statute are not unconstitutional, then the trial court's ruling in sustaining the demurrer was proper.

Plaintiffs attacked the constitutionality of the statutes in question on two grounds:

First: They contend that it permitted the County Commissioners to make an allocation of the proceeds of the bond sale that was capricious and arbitrary and to impose a tax burden on taxpayers without permitting them to share in the benefits, thereby taking the property of plaintiffs without due process of law. This point is not argued in their brief and no decisions are cited in support thereof. It is assumed therefore that plaintiffs have abandoned that theory and as the court is not aware of any reasons to support it, that contention is rejected. See Seidenbach's v. Crown Drug Co., 191 Okl. 223, 127 P.2d 800.

Second: Plaintiffs contend that since said statutes deal solely with maintenance of separate schools under our system of segregation, said statutes are in violation of the due process and equal protection clauses of the Fifth and Fourteenth Amendments to the Constitution of the United States, and cite in support thereof Bolling v. Sharpe, 347 U.S. 497, 74 S.Ct. 693, 98 L.Ed. 884, and Brown v. Board of Education of Topeka, Shawnee County, Kansas, 347 U.S. 483, 74 S.Ct. 686, 692, 98 L.Ed. 873, promulgated by the United States Supreme Court. These cases involved the constitutionality of law requiring segregation in public schools, and in Brown v. Board of Education of Topeka, etc., supra, the Supreme Court said:

"We conclude that in the field of public education the doctrine of 'separate but equal' has no place. Separate educational facilities are inherently unequal. Therefore, we hold that the plaintiffs and others similarly situated for whom the actions have been brought are, by reason of the segregation complained of, deprived of the equal protection of the laws guaranteed by the Fourteenth Amendment. * * *"

In Bolling v. Sharpe, supra, the Supreme Court held that segregation in public schools is a deprivation of liberty in violation of the due process clause of the Fifth Amendment.

Plaintiffs contend that these decisions of the Supreme Court completely struck down the Oklahoma separate school system, and

that the issuance of the bonds for the purpose of building and making improvements for separate schools would be in direct conflict with the law announced by the Supreme Court of the United States in the segregation cases.

It should be pointed out here that the School Code of the State of Oklahoma, of which the statutes in question are a part covers the entire field of public education, such as the organization of school districts, employment and qualification of teachers, the acquisition, management and control of school facilities, and tax levies, to mention only a few. These are purely local problems not involved in the Supreme Court cases above cited.

The statutes in question in this case have to do with the acquisition and maintenance of school property. If it could be said that property so acquired could not be used for any purpose other than the education of children of the colored race, since it is for separate schools, there might be some merit in plaintiffs' contention. But such contention cannot be sustained.

The counties and school districts in every county in this state now own school property designated for use by separate schools. Elimination from the Oklahoma Statutes of the provision for separation of races in our schools would not raise a question of the legality of the ownership of this property; nor make it illegal to use, repair and maintain it.

The question before the United States Supreme Court in the cases above cited was limited to the use of school property, or its restriction of use as applied to race or class. That court recognized the fact that various problems would arise in the states affected by the decision in changing from segregated to non-segregated schools, and in Brown v. Board of Education of Topeka, etc., supra, the court said:

"Because these are class actions, because of the wide applicability of this decision, and because of the great variety of local conditions, the formulation of decrees in these cases presents problems of considerable complexity. * * In order that we may have the full assistance of the parties in formulating decrees, the cases will be restored to the docket, and the parties are requested to present further argument on Questions 4 and 5 previously propounded by the Court * * *."

■ It is apparent from this language that it was not the intention of the United States Supreme Court to paralyze or cripple the normal functioning of the school systems of the states affected during the period of changing from segregated to non-segregated schools, and such is not the effect of its decision in those cases.

70 O.S.1951 § 1–3 provides that:

"If any section or part of the Oklahoma School Code is found to be ambiguous or otherwise subject to more than one interpretation, such section shall be liberally construed to the extent that the general purpose of the entire code and of public education may be advanced."

70 O.S.1951 §§ 15–7 to 15–13 provides a legal procedure for acquiring and maintaining school property and it is our duty under the Statute, 70 O.S.1951 § 1–3, supra, to construe the Oklahoma School Code so that public education may be advanced in this state.

■ For the reasons above stated, we hold that the statute in question is not in conflict with the Constitution of the United States or the Constitution of the State of Oklahoma, and that plaintiffs' petition failed to state a cause of action.

The judgment of the trial court is affirmed.

JOHNSON, C. J., and WELCH, DAVISON, HALLEY and BLACKBIRD, JJ., concur.

WILLIAMS, V. C. J., and CORN, J., dissent.