232 F.2d 504
 Eliza Jane DOBY and J. Lillian Doby, Appellants,
v.
R. L. BROWN, Jr., John B. Morris, Jr., J. Heath Morrow,
Charles W. Pickler, H. Wells Rogers, Ted Furr, Trustees of
the Albemarle City Administrative Unit, and Claud Grigg,
Superintendent of Public Instruction of the Albemarle City
Administrative Unit, Appellees.
 No. 7137.
 United States Court of Appeals Fourth Circuit.
 Argued March 22, 1956.
Decided April 9, 1956.
 
 O. W. Clayton, Charlotte, N.C. (Sedberry, Clayton & Sanders, Charlotte, N.C., on the brief), for appellants.
 Staton P. Williams, Albemarle, N.C. (Morton & Williams, Albemarle, N.C., on the brief), for appellees.
 Before PARKER, Chief Judge, and SOPER and DOBIE, Circuit Judges.
 PARKER, Chief Judge.
 This is an appeal from an order dismissing a suit instituted by landowners to obtain a declaratory judgment as to their rights and to enjoin prosecution of the condemnation proceedings which were before the Supreme Court of North Carolina in Brown v. Doby, 242 N.C. 462, 87 S.E.2d 921. The District Judge, in addition to holding that the jurisdictional amount was not involved in the case and that interference with an in rem action in a state court was asked, held that no federal question was involved either under the civil rights statute or otherwise and that, even if there were, the case was one of which the federal courts ought not assume jurisdiction, in view of the fact that the question related to the interpretation of a North Carolina statute which could be interpreted by the courts of the state in the pending condemnation proceedings. We find it unnecessary to go into the questions of amount involved or whether the state court had acquired jurisdiction over the property in an in rem proceeding,[1] as we are of opinion that the District Judge was clearly right in holding that no federal question is involved in the case.
 In their complaint the plaintiffs say that the condemnation of their land is not authorized because it is being condemned to provide a site for a school which is to be paid for with the proceeds of a bond issue which was authorized by a statute passed prior to the decision of the Supreme Court in the School segregation case, Brown v. Board of Education, 347 U.S. 483, 74 S.Ct. 686, 98 L.Ed. 873. The facts with respect to this are that the General Assembly of North Carolina on April 29, 1953, passed a statute, chapter 1162 of the Session Laws of 1953, authorizing the school district of the City of Albemarle in which plaintiffs' land is situate, to call a special bond election for the purpose of issuing bonds in the sum of $1,250,000 to be used in purchasing sites and erecting and equipping school buildings. On April 20, 1954, a special bond election was called pursuant to the statute and was held on June 8, 1954, resulting in a vote in favor of the bonds. On November 20, 1954, the condemnation proceeding was commenced to condemn plaintiffs' land under the general statute authorizing condemnation of land for school purposes, section 115-85 (now 115-125) of the General Statutes of North Carolina. They argue that condemnation of their land may not be had because the statute authorizing the bond issue must be construed as authorizing the proceeds to be used only for the purposes of segregated schools, which may not be lawfully conducted since the segregation decision. It is perfectly clear, however, that the question thus presented is not one arising under the Constitution or laws of the United States but involves merely the interpretation and application of the state statute.
 Brown v. Board of Education, supra, settled the law with respect to segregation in the schools. No party to this case is questioning the law as there laid down; and, if the question were raised, it could not be considered a substantial question in view of the unequivocal holding of the Supreme Court. The questions in the case before us are whether the statute authorizing the bond issue authorized the proceeds thereof to be used for the purposes of a nonsegregated school[2] and, if not, whether this would preclude the condemnation of the property of plaintiffs for school purposes under the general condemnation statute of the state. These are manifestly questions of state law and do not arise under the Constitution, under the civil rights statute or under any other law of the United States. The contention of plaintiffs is, not that what the defendants are doing is authorized by the State of North Carolina in defiance of the Fourteenth Amendment, but that it is not authorized by the state at all. This, however, does not present a controversy arising under the Constitution or laws of the United States. Barney v. City of New York, 193 U.S. 430, 437, 24 S.Ct. 502, 48 L.Ed. 737. The rule here applicable was thus stated by Chief Justice Fuller in Defiance Water Company v. Defiance, 191 U.S. 184, 190-191, 24 S.Ct. 63, 66, 48 L.Ed. 140, viz.:
 
 
 1
 'We have repeatedly held that 'when a suit does not really and substantially involve a dispute or controversy as to the effect or construction of the Constitution or laws of the United States, upon the determination of which the result depends, it is not a suit arising under the Constitution or laws. And it must appear on the record, by a statement in legal and logical form, such as is required in good pleading, that the suit is one which does really and substantially involve a dispute or controversy as to a right which depends on the construction of the Constitution or some law or treaty of the United States, before jurisdiction can be maintained on this ground.' Western Union Telegraph Co. v. Ann Arbor Railroad Co., 178 U.S. 239, 20 S.Ct. 867, 44 L.Ed. 1052; Gold Washing & Water Co. v. Keyes, 96 U.S. 199, 24 L.Ed. 656; Blackburn v. Portland Gold Mining Co., 175 U.S. 571, 20 S.Ct. 222, 44 L.Ed. 276; City of Shreveport v. Cole, 129 U.S. 36, 9 S.Ct. 210, 32 L.Ed. 589; New Orleans v. Benjamin, 153 U.S. 411, 424, 14 S.Ct. 905, 909, 38 L.Ed. 764, 769.'
 
 
 2
 Even if a federal question should be held to be involved in the case, it would arise only in connection with the interpretation of state statutes which could be readily passed upon by the courts of the state in the pending condemnation proceedings, and the District Judge was correct in thinking that the federal court ought not assume jurisdiction to interpret and pass upon the state statutes in advance of their construction by the state courts. Shipman v. Dupre, 339 U.S. 321, 70 S.Ct. 640, 94 L.Ed. 877; American Federation of Labor v. Watson, 327 U.S. 582, 595-599, 66 S.Ct. 761, 90 L.Ed. 873; New Orleans v. Benjamin, 153 U.S. 411, 424, 14 S.Ct. 905, 38 L.Ed. 764; Chicago & Alton R. Co. v. Wiggins Ferry Co., 108 U.S. 18, 24, 1 S.Ct. 614, 27 L.Ed. 636. In so far as the suit asked a declaratory judgment, and plaintiffs' brief in this court asserts that it was instituted under the Declaratory Judgments Act, 28 U.S.C. § 2201, it is well settled that the granting of declaratory relief is a matter resting in the sound discretion of the trial judge and that it ought not be exercised to try a case piecemeal or to drag into the federal courts matters properly triable before the courts of the state. Eccles v. Peoples Bank of Lakewood Village, 333 U.S. 426, 431, 68 S.Ct. 641, 92 L.Ed. 784; Brillhart v. Excess Ins. Co., 316 U.S. 491, 494-495, 62 S.Ct. 1173, 86 L.Ed. 1620; Manufacturers Casualty Ins. Co. v. Coker, 4 Cir., 219 F.2d 631; Maryland Casualty Co. v. Boyle Const. Co., 4 Cir., 123 F.2d 558; Aetna Casualty & Surety Co. v. Quarles, 4 Cir., 92 F.2d 321.
 
 
 3
 Affirmed.
 
 
 
 [1]
 At the time of the entry of the judgment appealed from there had been no appeal from the appraisal of the Commissioner which was necessary to vest jurisdiction of a judicial proceeding in the Superior Court. Consequently the condemnation proceedings were in the administrative stage. Burlington City Board of Education v. Allen, 243 N.C. 520, 91 S.E.2d 180
 
 
 [2]
 The Supreme Courts of Florida and Oklahoma and a Circuit Court in Virginia have passed upon somewhat similar questions in Board of Public Instruction of Manatee County, Florida, v. State of Florida, Fla., 75 So.2d 832; matlock v. Board of County Com'rs of Wagoner County, Oklahoma, Okl., 281 P.2d 169; Shelton v. County School Board of Hanover County, not reported. In both the Florida and Oklahoma cases, the bond issues were held valid while a contrary decision was reached in the Virginia case