852

J. Carl POINDEXTER et al., Plaintiff,

v.

BOARD OF SUPERVISORS, COUNTY OF ROANOKE, et al., Defendants.

Civ. A. No. 916.

United States District Court
W. D. Virginia,
Roanoke Division.

Sept. 25, 1959.

J. Carl Poindexter, Salem, Va., plaintiff and attorney pro se.

Dale Myers, Roanoke, Va., for other plaintiffs.

Edward H. Richardson, Salem, Va., for Board of Supervisors of Roanoke County.

Woods, Rogers, Muse & Walker, Roanoke, Va., for Investors Diversified Services, Inc. and Alex. Brown & Sons.

William B. Hopkins, Roanoke, Va., for Rosalind Homes.

T. L. Plunkett, Jr., Roanoke, Va., for Norwood Corp.

Furman Whitescarver, Salem, Va., for Roanoke County Sanitation Authority.

Woodrum & Gregory, Roanoke, Va., for R. I. Brooks.

THOMPSON, Chief Judge.

This action is before the court on the motions to dismiss for want of jurisdiction filed by each of the several defendants.

In 1950, the Virginia Legislature enacted the "Virginia Water and Sewer Authorities Act." Va.Code Ann. §§ 15-764.1 through 15-764.32. The constitutionality of that act is not here in issue.

Pursuant to the provision of said Act, the Roanoke County Sanitation Authority was chartered by the State Corporation Commission. The Sanitation Authority issued certain bonds for sewer construction, and levied a uniform sewer service charge upon all users of the system including those like plaintiffs who had built their own sewer lines.

The complaint and amended complaint present a veritable entanglement of loose allegations so generously embellished with verbosity that it is repugnant to good pleading and is in defiance of Fed.R.Civ.P. 8(a), 28 U.S.C.A. However, as best the court can determine, it appears that the substance of the complaint is that:

The plaintiff alleges that the exaction of a sewer use charge from him and others who had constructed their sewer lines at their own expense, in an amount equal that exacted from those users whose sewer lines were constructed by the Sanitation Authority, was

(1) arbitrary, unreasonable, and discriminatory;

(2) that the plaintiff and others similarly situated have been deprived of rights, privileges, immunities, and the equal protection of the law guaranteed under section 1 of the Fourteenth Amendment to the Constitution of the United States; and

(3) that the plaintiffs do not have a plain, speedy and efficient remedy in the state court.

The plaintiffs seek a declaratory judgment in this court under Fed.R.Civ.P. 57.

No diversity of citizenship exists; therefore, this court is without jurisdiction unless a federal question is presented involving the jurisdictional amount.

The allegations of the complaint and amended complaint do not assert rights derived from the Constitution and laws of the United States. The plaintiffs contend that they have been deprived of federal constitutional rights by the action of the Roanoke County Sanitation Authority in levying an alleged discriminatory sewer charge against them and that they have thereby been deprived of the equal protection of the law for which they have no plain, speedy and efficient remedy in the state courts of Virginia.

The contentions of the plaintiffs are without merit.

Title 28 U.S.C.A. § 1341 (1950) provides:

"The district court shall not enjoin, suspend or restrain the assessment, levy or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such State."

Title 28 U.S.C.A. § 1342 (1950) provides:

"The district court shall not enjoin, suspend or restrain the operation of, or compliance with, any order affecting rates chargeable by a public utility and made by a State administrative agency or a rate-making body of a State political subdivision, where: * * *

"(4) A plain, speedy and efficient remedy may be had in the courts of such State."

These statutes admonish federal courts not to pre-empt state court functions when there exists an adequate state remedy.

It follows that if the sewer use charges made by the Roanoke County Sanitation Authority are discriminatory or otherwise illegal and the plaintiffs have an adequate remedy available to them in the

state courts by which they can challenge the illegality of the action of the Roanoke County Sanitation Authority that this court should not take jurisdiction.

The plaintiffs seek to challenge in the federal court the authority of the Roanoke County Sanitation Authority to act in the manner in which it acted, and the legality of such action.

■ Federal courts ought not to assume jurisdiction to interpret and construe state statutes, rulings of state agencies or decisions of local governing authorities, nor pass upon the legality of the method of application of the same in advance of state court action thereon.

The plaintiffs seem to recognize that the issues here involved could be resolved in the state court. On April 13, 1959, the plaintiffs moved the court to order a stay of this proceeding until the disposition of certain cases in the state court involving substantially similar issues had been decided, in which motion they state that the decision of the state court would doubtless serve to narrow the issue and possibly resolve the issues in this case, thus admitting the adequacy of the state remedy.

Also stated in paragraph 34 of the amended complaint is the following:

"Thereupon, plaintiffs' first impulse was to take their grievance to the SCC (State Corporation Commission) or to the State Courts. But upon study of the available recourses and remedies upon which they must needs rely in seeking relief before said tribunals, under the anomolous circumstances, it became apparent that plaintiffs do not have a plain, speedy and efficient remedy either in law or equity because: (i) the SCC has itself made self-emasculatory findings as it were, in originally countenancing, certificating and chartering the Authority under the obnoxious provision of the Board's Resolution authorizing the establishment of the Authority, and thereafter by likewise giving sanction to the Authority's schedule of sewer assessments in question (since "bonded" by the Authority) in such factual and legal context as to compromise, and perhaps preclude, the SCC's own freedom to act to secure plaintiffs the relief to which they are entitled, and (ii) the Supreme Court of Appeals of Virginia has likewise produced uncertainties as to the proper tribunal and or procedural course for plaintiffs to rely upon in pursuit of relief from the irresponsible and oppressive State actions in question, which the said appellate Court itself inadvertently but tacitly invited by virtue of certain pronouncements in its decision upholding the constitutionality of the enabling Act involved herein ([Farquhar v. Board of Supervisors], 196 Va. 54 [82 S.E.2d 577], June 21, 1954)—albeit in a decision in a proceeding in which radically different facts and circumstances were presented from those involved herein, one nevertheless making problematical the proper recourse available to plaintiffs for pursuit of their rights before the State courts, including the SCC."

■ It is apparent that the plaintiffs recognize that they have a remedy in the state courts, which they have failed to invoke. State courts are equally bound with federal courts to safe-guard and protect the constitutional rights of litigants, and the federal courts will not assume that the state court will do otherwise.

■ Federal courts should be zealous to avoid expansion of federal jurisdiction, and should scrutinize carefully the pleadings and the facts before assuming jurisdiction where jurisdiction is claimed on the ground of an alleged federal question being involved.

"We have repeatedly held that 'when a suit does not really and substantially involve a dispute or controversy as to the effect or construction of the Constitution or laws of

the United States, upon the determination of which the result depends, it is not a suit arising under the Constitution or laws. And it must appear on the record, by a statement in legal and logical form, such as is required in good pleadings, that the suit is one which does really and substantially involve a dispute or controversy as to a right which depends on the construction of the Constitution or some law or treaty of the United States, before jurisdiction can be maintained on this ground.' (Citing cases.)" Doby v. Brown, 4 Cir., 1956, 232 F.2d 504, 506.

" * * * the federal question, to confer jurisdiction * * * must be real and substantial, not colorable or frivolous. The federal question must really appear, not by mere inference or suggestion. (Citing cases.) And the federal question must be an essential or integral part of the plaintiff's case. (Citing cases.) Mere references to the federal Constitution, laws or treaties and mere assertions that a federal question is involved are not sufficient to confer jurisdiction. (Citing cases.) The federal courts have been vigilant to protect their jurisdiction against cases in which the alleged federal question is purely fictitious." McCartney v. West Virginia, 4 Cir., 1946, 156 F.2d 739, 741.

In Woodhouse v. Budwesky, 4 Cir., 70 F.2d 61, 62, certiorari denied Woodhouse v. Moncure, 1934, 293 U.S. 573, 55.S.Ct. 84, 79 L.Ed. 671, the court in a brief *per curiam* held that a bill in equity was appropriately dismissed for lack of jurisdiction based on federal question when the bill alleged

"tortious conduct (by a state board of tax assessors) 'not in exertion of the state law, but in violation of it.' And it is well settled, that it is not sufficient to sustain jurisdiction that the pleading merely assert that conduct complained of violates constitutional rights. It must set forth facts from which the court can see that such rights have been violated. There must be a 'federal question, not in mere form, but in substance, and not in mere assertion, but in essence and effect.' " (Citing cases.)

The general policy of the law with regard to the federal court's considering the validity of an assessment of a tax by state authorities was clearly enunciated in Matthews v. Rodgers, 1932, 284 U.S. 521, 525–526, 52 S.Ct. 217, 219, 76 L.Ed. 447 where, in discussing the propriety of a federal court ruling on a state tax statute, the court said:

"The scrupulous regard for the rightful independence of state governments which should at all times actuate the federal court, and a proper reluctance to interfere by injunction with their fiscal operations, require that such relief should be denied in every case where the asserted federal right may be preserved without it. Whenever the question has been presented, this Court has uniformly held that the mere illegality or unconstitutionality of a state or municipal tax is not in itself a ground for equitable relief in the courts of the United States. If the remedy at law is plain, adequate, and complete, the aggrieved party is left to that remedy in the state courts, from which the cause may be brought to this Court for review if any federal question be involved."

This policy was adhered to and reaffirmed in Alabama Pub. Ser. Comm'n. v. Southern Ry. Co., 1951, 341 U.S. 341, 349–350, 71 S.Ct. 762, 768, 95 L.Ed. 1002:

"As adequate state court review of an administrative order based upon predominantly local factors is available to appellee, intervention of a federal court is not necessary for the protection of federal rights. Equitable relief may be granted only when the District Court, in its sound

discretion exercised with 'scrupulous regard for the rightful independence of state governments which should at all times actuate federal courts,' is convinced that the asserted federal right cannot be preserved except by granting the 'extraordinary relief of an injunction in the federal courts.' Considering that '[f]ew public interests have a higher claim upon the discretion of a federal chancellor than the avoidance of needless friction with state policies,' the usual rule of comity must govern the exercise of equitable jurisdiction * * * in this case. Whatever rights appellee may have are to be pursued through the state courts." (Citing cases.)

This is an action for a declaratory judgment.

"* * * it is well settled that the granting of declaratory relief is a matter resting in the sound discretion of the trial judge and that it ought not be exercised to try a case piecemeal or to drag into the federal courts matters properly triable before the courts of the state." Doby v. Brown, supra.

█ Simply stated, the plaintiffs contend that the Roanoke County Sanitation Authority was without authority to levy the sewer use charge complained of, but if it did have the authority to levy said charges, that its action was discriminatory and illegal.

The plaintiffs have not challenged the legality of the action of the Roanoke County Sanitation Authority before any rate-making body of the state. Neither have they applied for relief in the state courts. They considered doing so, but did not, and assign as their reason for their failure to do so that they did not have a plain, speedy and efficient remedy in the state court.

I cannot agree with this reasoning. The allegations in the complaint raise issues properly triable before the state courts, and for the federal court to take cognizance of cases such as this would be a flagrant invasion of purely state functions.

The defendants have advanced other reasons, which have merit, in support of their motions to dismiss the complaint which need not be considered in view of the court's holding that the complaint does not assert rights derived from the Constitution and laws of the United States, and that the plaintiffs have a plain, speedy and efficient remedy in the state courts.

The Court is of the opinion to dismiss the complaint, and an order will be entered accordingly.